IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRUCE ALAN DAVIDSON, JR.,

    Petitioner,

v.                                                                    Civil Action No. 3:15cv107
                                                                          (GROH)

WARDEN B. VON BLANCHENSEE [sic],[1]

    Respondent.

## REPORT AND RECOMMENDATION

On September 8, 2015, the *pro se* petitioner, an inmate at FCI Morgantown in Morgantown, West Virginia, filed a petition under 28 U.S.C. § 2241, attaching a memorandum in support and certain exhibits, ostensibly challenging his conviction in this district.[2] ECF No. 1. Along with his petition, he paid the $5.00 filing fee. On March 21, 2016, Petitioner filed a motion to amend with an attached Amended Brief in Support. ECF No. 7.

This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 2.

## I. Factual and Procedural History[3]

### A. Conviction and Sentence

On June 16, 2009, in the Northern District of West Virginia, the Grand Jury indicted Petitioner on twenty-five counts of a twenty-six count Indictment involving two defendants. ECF No. 4. Count One charged Petitioner with conspiracy to manufacture methamphetamine, in

---

[1] The correct spelling of the Warden's name is Barbara Von Blanckensee.

[2] See ECF No. 1 at 1. However, the petition, memorandum in support, and amended brief in support only challenge Petitioner's sentence.

[3] The citations in this section are to petitioner's underlying criminal case in this district, Case No. 2:09cr14-2.

violation of 21 U.S.C. §§ 846 & 841(b)(1)(B). Id. Count Two charged Petitioner with aiding and abetting the possession of material used in the manufacture of methamphetamine, in violation of 21 U.S.C. §§ 843(a)(6), 843(d)(2), and 18 U.S.C. § 2. Id. Counts Three, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty, Twenty-One, Twenty-Two, Twenty-Three, Twenty-Four, Twenty-Five and Twenty-Six each charged Petitioner with possession of psuedoephedrine to be used in the manufacture of methamphetamine, in violation of 21 U.S.C. § 841(c)(2). Id.

On August 12, 2009, a thirty-count Superseding Indictment was entered against Petitioner and his co-defendant. Count One charged Petitioner with conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(B). Counts Five charged Petitioner with possession of material to be used in the manufacture of methamphetamine, in violation of 21 U.S.C. §§ 843(a)(6) and 843(d)(2) and 18 U.S.C. § 2. Count Six charged Petitioner with possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Counts Seven, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty, Twenty-One, Twenty-Two, Twenty-Three, Twenty-Four, Twenty-Five, Twenty-Six, Twenty-Seven, Twenty-Eight, Twenty-Nine, and Thirty each charged Petitioner with possession of methamphetamine to be used in the manufacture of methamphetamine, in violation of 21 U.S.C. § 841(c)(2). Count Eight charged Petitioner with possession of material to be used in the manufacture of methamphetamine, in violation of 21 U.S.C. § 843(a)(6) and 843(d)(2). ECF No. 45.

On September 17 and 18, 2009, Petitioner signed a plea agreement in which he agreed to plead guilty to Count One of the Superseding Indictment, conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), & 846. ECF No. 94 and

101. In the plea agreement, the parties stipulated that Petitioner's total drug relevant conduct was more than five hundred (500) grams but less than one and half (1.5) kilograms of methamphetamine. Id., ¶12 at 3 - 4. On September 18, 2009, Petitioner entered his plea of guilty before Magistrate Judge Kaull. ECF No. 104.

Petitioner appeared before United States District Judge John Preston Bailey for sentencing on March 8, 2010. ECF No. 134. At this time, the parties agreed that base offense level for Petitioner should be 32. ECF No. 150 at 3:23-25. Judge Bailey sentenced Petitioner to 235 months imprisonment to be followed by a four-year term of supervised release. ECF No. 134.

## B. Direct Appeal

On appeal, Davidson challenged the reasonableness of his sentence, contending that the district court clearly erred by increasing his sentence for obstruction of justice and for an offense that created a substantial risk of harm to human life or the environment.

On March 18, 2011, by unpublished opinion, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence, holding that the trial court's reliance on the magistrate judge's perjury finding in applying obstruction of justice enhancement was not clear error; the application of the enhancement for substantial harm to human life or the environment was not clear error, and that the sentence imposed was procedurally reasonable. United States v. Davidson, 417 F. App'x 347 (4th Cir. Mar. 18, 2011) (per curiam). Petitioner did not file a petition for writ of *certiorari* with the Supreme Court.

## C. §2255 Motions

On March 8, 2012, Petitioner filed his first Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, raising two grounds of ineffectiveness of counsel.

Petitioner contended that counsel failed to renew her challenge to the overruled objections regarding acceptance of responsibility and argue that obstruction of justice and acceptance of responsibility are not the same; and that counsel failed to raise a preserved issue regarding the court's denial of the acceptance of responsibility reduction which was a stronger issue for appeal under Townsend v. Burke, 334 U.S. 736, 741 (1948). On June 1, 2012, a Report and Recommendation ("R&R") by Magistrate Judge David Joel recommended that Petitioner's motion to vacate be denied because Petitioner had not met his burden under Strickland[4] to demonstrate that counsel was ineffective. ECF No. 183. By Memorandum Opinion and Order entered on September 6, 2012, the R&R was adopted, a certificate of appealability ("COA") was denied, and Petitioner's Motion to Vacate was denied and dismissed with prejudice. ECF No. 193.

Petitioner appealed. On February 7, 2013, by unpublished opinion, Petitioner's COA was denied and the appeal was dismissed. United States v. Davidson, 509 Fed. Appx. 202 (4th Cir. Feb. 7, 2013) (per curiam). Petitioner did not file a petition for writ of *certiorari* with the Supreme Court.

On September 15, 2014, Petitioner filed his second Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, raising one ground: that the PreSentence Investigation Report ("PSR") reflected two misdemeanor driving under the influence ("DUI") violations which should not have affected his Criminal History calculation at sentencing. Petitioner alleges that this mistake substituted the Criminal History Category of points from a Level (I) to the higher Level (II) which increased his sentence of incarceration by 25 months. On November 12, 2014, an R&R entered by Magistrate Judge Robert Trumble recommended that Petitioner's motion to vacate should be dismissed as an unauthorized second and successive

[4] Strickland v. Washington, 466 U.S. 668 (1984).

petition. ECF 270. By Order entered December 22, 2014, the R&R was adopted and Petitioner's motion was denied and dismissed. ECF 276.

**D. Other Collateral Proceedings**

On January 14, 2015, Petitioner filed a *pro se* Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582 (c) (2). ECF No. 278. By Order entered February 10, 2015, Petitioner's motion was granted and his sentence was reduced from 235 months to 188 months. ECF No. 280 at 3.

## II. Claims Raised by Petitioner

Petitioner raises three grounds for relief in his original petition, contending that

1) probation improperly computed his sentence, giving him 2 criminal history points for two prior DUI convictions, when only one was warranted [ECF No. 1 at 5];

2) his sentence was enhanced for obstruction of justice "when this was in no way warranted [Id. at 6]; and

3) his sentence was enhanced when he was wrongfully denied two additional points for acceptance of responsibility. ECF No. 1-1 at 2.

Petitioner's Amended Brief in Support expands on whether his "non-felony" DUI convictions should have been excluded under U.S.S.G. § 4A.2(c)(2), and whether the language of Application Note 5 to the same is ambiguous. ECF No. 7 at 2 – 5.

As relief, Petitioner requests that amend his sentence by putting the 2 criminal history points back to one, where it should be and . . . return the . . . acceptance of responsibility points[,] reducing his sentence another 2 points[;] . . . [and] consider his arguement [sic] with regard to obstruction of justice and reduce an additional 2 points. ECF No. 1 at 8.

Petitioner asserts that his remedy by way of §2255 is inadequate or ineffective because "[a]t the time of this writing . . . [he] was unware of how the United States Sentencing Guidelines worked and did not include arguments contained herein. Arguments contained within the § 2255 were improper and when [he] tried to refile, he was denied." Id. at 9.

5

### III. Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a *pro se* litigant, petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (*per curiam*). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

### IV. Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. §2255. A §2241 petition is used to attack the manner in which a sentence is executed. Thus, a §2241 petition that challenges a federal conviction and/or sentence is properly construed to be a §2255 motion. The only exception to this conclusion is where a §2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in §2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. §2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

*In re* Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In his pending petition, Davidson asserts that he is entitled to have his sentence recalculated to remove the "invalid enhancements" and correct the "improper computation," that constitute a "complete miscarriage of justice." ECF No. 1-1 at 4. He argues that his alcohol and cocaine dependence and manic depression disorder caused "emotional turmoil" and "mental instability," and his attorney permitted him to be "questioned under extreme duress without benefit into his mental and physical health . . . [while he] was clearly in a dilussional [sic] state, which can be evidenced by his court transcripts[.]" ECF No. 1-1 at 2. He further argues that his own attorney was not present when he was questioned at his co-defendant's trial. Finally, he contends that at sentencing, although objection was made to the obstruction of justice charge, the

7

court permitted the enhancement to stand after allowing testimony from his bond revocation hearing to be used as evidence. Id.

Petitioner admits that his Ground Two and Three claims for relief were already raised in his § 2255 motion "but with a much different argument." ECF No. 1 at 7. Moreover, a review of Petitioner's criminal and appellate docket establishes that he has also unsuccessfully raised Ground Two on appeal, and has also already raised his Ground One claim, in his second and successive § 2255 motion. Accordingly, it is apparent that he is attempting to re-litigate the same sentencing issues he has previously raised.

In order to raise claims under §2241, a petitioner must first establish that he is entitled to review under §2241 by meeting the Jones requirements. The remedy provided under §2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under §2241. Based on the language in Jones, it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime. Here, petitioner does not even attempt to argue that he is imprisoned for an offense which is no longer a crime.[5] Rather, relying on Alleyne, he argues that his sentence was "enhanced and improperly calculated," [ECF No. 1-1 at 6] and asserts that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Alleyne, 133 S.Ct. at 2155.

Petitioner's attempt to invoke the holding in Alleyne is misplaced for a number of reasons. In Alleyne, a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(A). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven-year

---

[5] Clearly such a claim would be improper. Conspiracy to manufacture methamphetamine remains a crime pursuant 21 U.S.C. §§ 846 & 841(b)(1)(B).

8

sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S.Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id, at 2162.

This decision extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Court found that any fact which increases the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury. See Simpson v. United States, No. 13-2373 2013 U.S. App. LEXIS 12902 *1 (7th Cir. July 10, 2013)(noting that Alleyne is an extension of Apprendi).

The substance of Petitioner's argument is that his base offense level was enhanced by two levels, pursuant to U.S.S.G. §3C1.1, based on the sentencing court's determination that he obstructed justice by committing perjury at his bond revocation hearing and again at his co-defendant's trial.[6] Further, Petitioner contends that he was wrongfully denied the 3-point adjustment for acceptance of responsibility under Guideline § 3E1.1, after he admitted using methamphetamine while free on pre-trial bond but lied about it under oath later at his bond revocation hearing, and then lied again under oath when he falsely testified at his co-defendant's trial. Finally, Petitioner contends he should have only received 1 criminal history point, not two,

---

[6] See PSR, ¶¶ 141 – 147 at 33 – 40 for a description of Petitioner's perjury.

for his two DUIs.[7] Accordingly, Petitioner argues that his "improperly calculated sentence" and sentence enhancements must be vacated. Clearly, Petitioner misunderstands the basis for his sentence exceeding the mandatory minimum of 5 years, or the initial guideline range of 235 to 293 months. Even with the obstructing justice enhancement and the denial of the 3-point adjustment for acceptance of responsibility, the sentencing judge still gave Petitioner a sentence at the lowest end of the Guidelines. The Judge noted that even after considering all the factors in 18 U.S.C. § 3553(a), he found nothing that would lead him to impose a lower sentence, given that despite Petitioner's claim during allocution that he wanted to be with his children, his children were around while he was manufacturing methamphetamine; Petitioner had engaged in obstructive behavior; had breached his plea agreement by refusing to provide truthful testimony; and he and his co-conspirators had created a methamphetamine problem in Upshur County that has been the scourge of the county. The judge did not believe that Petitioner's conduct would be adequately addressed or punished by a sentence below the guideline range. In particular, the Court found that a longer sentence was required to afford adequate deterrence to criminal conduct and promote respect for the justice system. ECF No. 150 at 16 – 17.

Moreover, even if Petitioner's sentence were improperly enhanced by the Court's consideration of his conduct that led to the denial of the 3-point adjustment for acceptance of responsibility and the enhancement for obstructing justice, he still fails to establish a claim that would permit this Court to afford him relief under § 2241 based on Alleyne. A number of courts that have considered the question thus far have found that Alleyne, in that it is a mere extension of Apprendi, is not intended to be retroactively applied. See id., United States v. Reyes, No.

---

[7] The undersigned notes that Petitioner made no objection to the inclusion of two points for these two DUIs in his criminal history in the PSR and testified at his sentencing hearing that he had received the PSR and gone over it with counsel. ECF No. 150 at 2 – 3.

2:11cv6234, 2013 U.S. Dist. LEXIS 112386 *49-*56 (E.D. Pa. August 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 U.S. Dist. LEXIS 102150 *3 (S.D. Ohio July 22, 2013); United States v. Standley, No. 09-0022, 2013 U.S. Dist. LEXIS 98943 *7 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 U.S. Dist. LEXIS 104835 *2 (E.D. Mo. July 26, 2013).

Furthermore, Alleyne is clearly distinguishable from Petitioner's case. In Alleyne, the defendant was convicted by a jury. Conversely, here, Petitioner signed a plea agreement and thus waived his right to have sentencing determinations made by a jury. Case No. 2:09cr14, ECF No. 101, ¶15 at 4. Moreover, in signing the plea agreement, Petitioner acknowledged that he faced a maximum sentence of forty years. Id., ¶2 at 1- 2. Petitioner's original sentence of 235 months, slightly over 19 and a half years, while more than he may have anticipated, clearly falls with the statutory minimum of five years and maximum of forty years.

Because Petitioner clearly attacks the validity of his sentence, and fails to establish that he meets the Jones requirements, he has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and that this matter be **DISMISSED with prejudice.**

Further, the undersigned recommends that Petitioner's Motion to Amend [ECF No. 7] be **GRANTED.**

**Within fourteen (14) days** after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of

such objections should also be submitted to the United States District Judge.  **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985);  <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985);  <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

**The Clerk of Court is directed to correct the misspelling of the Respondent's name on the docket.**  The Clerk is further directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

DATED: July 25, 2016

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE