# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**BRUCE ALAN DAVIDSON, JR.,**

    Petitioner,

**v.**                                              **CIVIL ACTION NO.: 3:15-CV-107**
                                                    **(GROH)**

**BARBARA VON BLANCKENSEE,**

    Respondent.

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

This matter is before the Court for consideration of a Report and Recommendation ("R&R") issued by United States Magistrate Judge James E. Seibert. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Seibert for submission of an R&R. On July 25, 2016, Magistrate Judge Seibert issued his R&R [ECF No. 8], which recommends that this Court grant the Petitioner's motion to amend his petition [ECF No. 7], deny the petition [ECF No. 1] and dismiss it with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Seibert's R&R were due within fourteen days after being served with a copy of the R&R. The Petitioner was served with the R&R on July 29, 2016. ECF No. 9. To date, no objections have been filed in this matter. Accordingly, the Court reviews the R&R for clear error.

On September 8, 2015, the Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. As an initial matter, the Petitioner avers that his claims are properly filed in a petition pursuant to 28 U.S.C. § 2241, rather than a petition pursuant to 28 U.S.C. § 2255, because the relief afforded by § 2255 is inadequate or ineffective. See Id. at 9. The Petitioner raises three grounds for relief in his petition: he received one extra criminal history point in regard to two misdemeanor DUI convictions; he had his sentence enhanced for obstruction of justice and he was denied a reduction for acceptance of responsibility.

First, the Petitioner argues that the probation office incorrectly determined the number of points he should have received with regard to two misdemeanor DUI convictions. He received two criminal history points, but he claims only one was proper. Second, the Petitioner avers that the sentencing court's enhancement for obstruction of justice was not warranted. Specifically, the Petitioner submits that he admitted to his probation officer that he used an illegal substance, but when he was questioned by the court about this incident he received "no support or guidance from his attorney while suffering extreme mental depression and drug addiction." Id. at 6. Third, the Petitioner asserts that the sentencing court erred by declining to give him a reduction for acceptance of responsibility. As relief, the Petitioner requests that the Court "vacate, set aside and/or modify his improper sentence." ECF No. 1-1 at 16.

Upon review, the Court agrees with Magistrate Judge Seibert's finding that the instant petition was improperly filed pursuant to § 2241. A petition is properly filed pursuant to § 2241 when it "attacks . . . the execution of a sentence." Fontanez v. O'Brien, 807 F.3d 84, 87 (4th Cir. 2015) (collecting cases); see also In re Vial, 115 F.3d 1192, 1994 n.5 (4th Cir. 1997). Alternatively, a petition is properly filed pursuant to § 2255 when it attacks the legality of a conviction or sentence. United States v. Hadden, 475 F.3d 652, 660 (4th Cir. 2007); Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (collecting cases). In limited circumstances, a federal prisoner may bring his claims pursuant to § 2241 if he demonstrates that relief provided under § 2255 is inadequate or ineffective. See 28 U.S.C. § 2255; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Here, the Petitioner attacks the legality of his conviction and sentence and has

failed to meet the savings clause requirements as announced in Jones. See Jones, 226 F.3d at 333-34.

Accordingly, the Court finds that Magistrate Judge Seibert's Report and Recommendation [ECF No. 8] should be, and is, hereby **ADOPTED IN PART**.[1]  The Court **ORDERS** that the Petitioner's 28 U.S.C. § 2241 petition [ECF No. 1] is **DENIED** and **DISMISSED with PREJUDICE**.  The Court further **ORDERS** that the Petitioner's Motion to Amend [ECF No. 7] is **DENIED as MOOT**.  The Court **ORDERS** this case **STRICKEN** from its active docket.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent.

Although the instant petition seeks relief pursuant to § 2241, the Court has found that it attacks the legality of the Petitioner's conviction and sentence but fails to meet the savings clause requirements. Therefore, as a final matter, upon an independent review of the record, this Court hereby **DENIES** Petitioner a Certificate of Appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2).

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested.

**DATED:** January 6, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Magistrate Judge Seibert's R&R is adopted in part only insofar as this Court declines to grant the Petitioner's motion to amend.  All other findings and recommendations are adopted in full.

4